# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4843-15T2

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

    Plaintiff-Respondent,

v.

L.S.,
    Defendant-Appellant,

and

R.S.,[1]

    Defendant.

_____

IN THE MATTER OF L.S.,

    Minor.

_____

Submitted September 26, 2017 — Decided November 1, 2017

Before Judges Fasciale and Sumners.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Hudson County,
Docket No. FN-09-0431-15.

---

[1] R.S., the father of the minor child L.S., was only a defendant
for purposes of service.

Joseph E. Krakora, Public Defender, attorney for appellant (John A. Albright, Designated Counsel, on the brief).

Christopher S. Porrino, Attorney General, attorney for respondent (Andrea M. Silkowitz, Assistant Attorney General, of counsel; Jonathan Villa, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Cory H. Cassar, Designated Counsel, on the brief).

PER CURIAM

Defendant appeals from a December 1, 2015 fact finding order entered by Judge Bernadette N. DeCastro that defendant abused and neglected her daughter L.S. (the child), born August 2012, by inflicting excessive corporal punishment in disciplining the child.[2] Defendant argues that her conduct did not constitute excessive corporal punishment because her momentary lapse of judgment did not result in actual physical injury or imminent harm to her child. She also contends that absent testimony from any witness with knowledge of the child's medical conditions, the judge should not have taken judicial notice that the child's medical disorders might have rendered her more fragile than the average child. We find insufficient merit in these arguments to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We

---

[2] A June 3, 2016 order terminated litigation, making this case ripe for appeal.

A-4843-15T2

affirm substantially for the reasons stated by Judge DeCastro in her thorough, well-reasoned written opinion issued at the close of the fact finding hearing on the same date. We add the following.

The Division of Child Protection and Permanency (Division) presented the testimony of Bayonne police officer Nick Lawson and its caseworker Sharice Kennedy. Lawson stated he was on patrol in Bayonne Park when he heard a woman yelling and screaming at a child in a stroller. He then observed the woman, later identified as defendant, smack the child on her "lower torso, upper thigh area," with a white rag and then with an open hand. Defendant then picked the child up from her stroller and threw her to the ground, where she landed on her back. Lawson demonstrated to the judge the amount of force defendant used to discipline the child. According to Lawson, after confronting defendant, she apologized to him for throwing her child to the ground. He also recalled defendant telling her child, "you see you got your way." He also mentioned that an examination by an EMT revealed the child was not hurt.

Kennedy testified the incident was reported to the Division, and she met with defendant the day of the incident. Kennedy stated defendant justified her actions by claiming she was disciplining her child because she had a temper tantrum and kept falling out of her stroller and onto the ground. Defendant also told the

caseworker she did not strike or throw her child to the ground, but that her child was not giving her "any slack" and "this is what her [child] wanted [her] to do."

Kennedy also met with the child, describing her as happy and somewhat nonverbal. The child did not have any visible marks and bruises on her body but had a small mark on her forehead. Based upon her conversation with defendant and a review of the child's pediatrician records, Kennedy revealed that since the child's premature birth, she has had ventricular issues and a shunt placed in her head and a tube that runs from her head to her stomach, which drains fluid from her brain.

Defendant did not testify or present any evidence at the fact finding hearing.

In her written decision, Judge DeCastro recognized that our court concluded in Div. of Youth & Family Servs. v. K.A., 413 N.J. Super. 504, 511 (App. Div. 2010), appeal dismissed as improvidently granted, 208 N.J. 355 (2011), that abuse and neglect of a child through excessive corporal punishment is not defined in N.J.S.A. 9:6-8.21(c). Guided by her review of several decisions involving allegations of excessive corporal punishment, including but not limited to, K.A., N.J. Div. of Youth & Family Servs. v. P.W.R., 205 N.J. 17, 36 (2011), and N.J. Div. of Youth & Family Servs. v. S.H., 439 N.J. Super. 137, 145 (App. Div. 2015), certif. denied,

222 N.J. 16 (2015), she found that defendant's treatment of her child constituted abuse and neglect. The judge determined:

> Here[,] the underlying circumstances of a [two-and-a-half] year old non-verbal child having a tantrum described by crying and possibly dragging her feet did not justify the mother['s] reaction of grabbing the [two-and-a-half] year old child out of her stroller and forcefully throwing her feet to the ground. The fact that she was not seriously injured is fortunate in light of the fact that [she] has cardiac issues and a shunt that goes from her head to her stomach. Clearly, the Division proved by preponderance of the evidence that defendant's actions constituted willful or wanton negligence and showed that she acted with reckless disregard for the safety of her daughter.

Based upon our review of the record, we conclude that Judge DeCastro's decision is supported by substantial credible evidence, N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 448-49 (2012), and is consistent with the law cited in her decision. See N.J. Div. of Youth & Family Servs. v. A.R., 419 N.J. Super. 538, 542-43 (App. Div. 2011). Although the child was not injured, defendant's conduct constitutes excessive corporal punishment because it placed the child in significant risk of harm, especially given her significant medical problems.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4843-15T2